JONATHAN A. STIEGLITZ, ESQ.
(SBN 278028)
jonathan.a.stieglitz@gmail.com
THE LAW OFFICES OF
JONATHAN A. STIEGLITZ
11845 W. Olympic Blvd., Suite 800
Los Angeles, California 90064
Telephone: (323) 979-2063
Facsimile: (323) 488-6748

Attorney for Plaintiff
Healthcare Ally Management of California, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Healthcare Ally Management of California, LLC<br><br>Plaintiff,<br><br>v.<br><br>Aetna Life Insurance Co. and DOES 1-10,<br><br>Defendants. | Case No.: 2:23-cv-06745-MEMF<br><br>*Assigned to the Honorable Maame Ewusi-Mensah Frimpong*<br><br>**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Date: February 8, 2024<br>Time: 10:00 a.m.<br>Court: 8B |

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

La Peer Surgery Center, LLC ("Medical Provider") provided a quality of life preserving procedure for patient ("Patient"), an insurance policyholder of Aetna Life Insurance Co.'s ("Aetna" or "Defendant") health plan. Prior to services being rendered, Patient assigned Patient's right under Patient's health plan to Medical Provider. Following the procedure, Medical Provider sent a bill to Defendant but was unable to obtain proper payment from Defendant. Medical Provider appealed to Defendant and was still unable to obtain proper payment from Defendant. As a result, Medical Provider sought help from Healthcare Ally Management of California, LLC ("Plaintiff") in obtaining proper payment from Defendant.

Medical Provider reassigned the rights under the health plan to Plaintiff because Plaintiff is and was in the best position to help Medical Provider obtain proper payment from Defendant. First Amended Complaint ("FAC") ¶¶5-8. Plaintiff and Medical Provider work hand in hand on obtaining proper reimbursement for medical procedures like the one at issue here so that Medical Provider can continue to provide medical services to patients and so that patients are not held responsible by Medical Provider for the full cost of Medical Provider's bill. *Id.*

The sole question for the Court is whether the Ninth Circuit based on *Simon v. Value Behavioral Health, Inc.*, 208 F.3d 1073 (9th Cir. 2000) and *Bristol Sl Holdings v. Cigna Health & Life Ins. Co.*, 22 F.4th 1086, 1090 (9th Cir. 2022) allows for Plaintiff an assignee of Medical Provider and therefore a double assignee of Patient's rights, to have standing to pursue a claim for Recovery of Benefits under 29 U.S.C.

---

[1] Plaintiff apologizes to the Court for the delay in filing this brief. Plaintiff miscalendared the date for filing this opposition as January 18, 2024 when the proper filing date was January 8, 2024. Plaintiff thanks Defendant's counsel for bringing this Plaintiff's attention on January 10, 2024.

§1132 (a)(1)(B) under the Employee Retirement Income Securities Act of 1974 ("ERISA") against Aetna.

As the relationship between Plaintiff and Medical Provider furthers the congressional purposes of ERISA unlike with Simon, Plaintiff should be extended standing.

## II. PLAINTIFF'S RELATIONSHIP WITH MEDICAL PROVIDER AND THE LIMITATION OF THE ASSIGNABILITY OF PATIENT'S ERISA CLAIM

- Plaintiff has significant interactions with Medical Provider and assisting Medical Provider to be able to run its business and provide healthcare to Patients. FAC ¶¶5-8.
- As shown in paragraph 11 of the Service Agreement, Plaintiff is prohibited from reassigning the claim at issue here or any claim it assigns to Plaintiff without written consent from Medical Provider.
- As a result, unlike with a commodity, which must be capable of being freely sold[2], the claim assigned to Plaintiff cannot be sold or even transferred to another entity by Plaintiff without Medical Provider's separate written agreement[3].
- According to paragraph 3.5.1 of the Service Agreement, Plaintiff is free to engage in all legal methods of obtaining proper payment for the medical services provided by Medical Provider i.e. 'phone calls, electronic messages, notice, letters and any other method…' [solely from payors of insurance]. Plaintiff's sole assigned right in connection with medical services is the right

---

[2] The Law Dictionary, Definition of the Term Commodity, thelawdictionary.org/commodity/ (last viewed July 13, 2023) ("A good that is sold freely to the public. It can be agriculture, fuel, or metals. It is traded in bulk in the commodity or spot market.").

[3] Medical Provider has never agreed to allow Plaintiff to transfer and Plaintiff has never transferred any claim to any other person or entity.

to obtain appropriate payment directly from only payors of insurance in Plaintiff's name.

### III. PLAINTIFF'S CONNECTION WITH AND SERVICES FOR PATIENT

- Plaintiff's assistance allows for Medical Provider to continue operating and providing medical services to Medical Provider's patients including Patient. FAC ¶¶5-8.
- Plaintiff's assistance in obtaining proper payment from payors of insurance and entities like Aetna assists patients and Patient specifically in **not being balance billed**[4] for amounts that should have been paid by Aetna. FAC ¶¶5-8.
- If Plaintiff did not assist Medical Provider in obtaining the appropriate payments, and if Medical Provider did not receive further payments for the medical services provided, Medical Provider would return to Patient and patients, who are financially responsible for the entire bill, and collect those sums from the patients and Patient. FAC ¶¶5-8.
- Plaintiff effectively acts as Medical Provider's agent both in terms of obtaining proper payment for Medical Provider and in terms of making sure that Patient is not held responsible for a portion of the bill which should be the responsibility of Aetna. FAC ¶¶5-8.

### IV. LEGAL STANDARD

For the purpose of reviewing a complaint upon a motion to dismiss, "all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the plaintiff. Dismissal of the complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." *Stoner v. Santa Clara Cnty. Office of Educ.*,

---

[4] The greatest concern for a patient other than receiving good healthcare, is that patient will not be left with huge medical bill. *See* American Medical Association, Issue Brief: Balance Billing, www.ama-assn.org/media/14691/download ("This type of balance billing has become a focus for many policymakers over the last several years, as stakeholders offer solutions to protect patients from these unanticipated costs.").

502 F.3d 1116, 1121 (9th Cir. 2007) (citing *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004)).

"When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "If there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017).

"The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6)." *Healthcare Ally Mgmt. of Cal., LLC v. Cumulus Media Inc*, 2022 U.S. Dist. LEXIS 209767, at *4 (C.D. Cal. Nov. 17, 2022). "'The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.'" *Id.* (quoting *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997)).

## V. ARGUMENT - All Ninth Circuit Jurisprudence Supports Plaintiff's Standing To Pursue A Recovery Of Benefits Claim.

*Simon* has never stood for the proposition that a second assignment as a general rule is *ab initio* invalid. In *Simon*, the Ninth Circuit determined to "decline to extend derivative standing to **Simon**" specifically or someone like Simon. *Simon*, 208 F.3d at 1081 (emphasis added). The standard or test set up by *Simon* was to determine if the assigned ERISA claim(s) was becoming a "freely tradable commodity" which would allow "third parties with no relationship to the beneficiary [the patient] to acquire claims solely for the purpose of litigating them." *Id*.

This standard was affirmed in *Bristol*. And, the specific issue of not allowing parties with "no relationship to the patients" to turn ERISA claims into a "freely tradable commodity" was affirmed in another recent Ninth Circuit decision. *ABC Servs. Grp., Inc. v. Aetna Health & Life Ins. Co.*, No. 22-55631, 2023 U.S. App. LEXIS 26619, at *5 (9th Cir. Oct. 6, 2023).

However, where, as here, the allegations are extensive that Plaintiff has not been assigned a "freely tradable commodity" as Plaintiff is specifically prohibited from further assigning any claims and Plaintiff does have a significant "relationship to the beneficiary" and Medical Providers which serves the congressional purposes of ERISA, Plaintiff should have standing. FAC ¶¶5-8.

The rationale for extending standing to medical providers, according to the Ninth Circuit, was that "[g]ranting standing to these healthcare providers furthered the congressional purposes behind ERISA because it enhanced the efficiency and ease of billing among all the interested parties." *Bristol*, 22 F.4th at 1090. The same rationale is no less true for Medical Provider's assignment to Plaintiff. *See id*. at 1091 (citing *Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Fla., Inc*., 813 F.3d 1333 (11th Cir. 2015) and *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888 (5th Cir. 2003), noting "[b]oth the Eleventh and Fifth Circuit cases are **consistent with *Simon*'s rationale**.") (emphasis added).

To argue against Plaintiff's standing, Defendant ignores *Simon* and makes the irrelevant argument that Plaintiff is a debt collector, that the assignment is not "born out of necessity" like in *Bristol*, that the assignment of the ERISA claim is "comprehensive" and that Plaintiff is an independent contractor. Def's Mot. 15:22-17:4. None of these arguments are found within *Simon* and none of them support denying Plaintiff standing here.

### A. Whether Or Not Plaintiff Collects Debt Or Even Is A Debt Collector Is Irrelevant Under *Simon*.

The word debt and the word collector (or any combination of the two words) cannot be found anywhere in *Simon, Bristol* or even *ABC Servs. Grp., Inc*. (which was just decided in November of this year). Collecting debt or being a debt collector or being involved in collections of anything does not mean that a party does not have

a connection to the plan participant i.e. Patient or facilitating the provision of medical services.[5] There is no support in any Ninth Circuit decision that says otherwise.

### B. *Simon* and *Bristol* Do Not Stand For The Proposition That A Second Assignment Is Prohibited Unless The Assignee Is Just Like Bristol.

Defendant argues that a second assignment is as a general matter **always** invalid unless the assignment is "born out of necessity, as in *Bristol*." Def's Mot. 16:6. That is simply not the standard from *Simon*. The standard is making sure that an ERISA claim is not a "freely tradable commodity" which would allow "third parties with no relationship to the beneficiary [the patient] to acquire claims solely for the purpose of litigating them." *Simon*, 208 F.3d at 1081. Defendant argues that only in the narrow instance where an assignee is exactly like the plaintiff in *Bristol* could a second assignee of an ERISA claim have standing. But, the Ninth Circuit provides no support for such a proposition. Rather, as noted in *Healthcare Ally Mgmt. of Cal., LLC v. Aetna Life Ins. Co.*, No. 2:22-CV-06791-AB (KSx), 2023 U.S. Dist. LEXIS 92138 (C.D. Cal. May 25, 2023)

> Indeed, denying derivative standing under these circumstances may very well lead to perverse incentives similar to those discussed in *Bristol*. In the same way that insurance companies cannot force medical providers into bankruptcy to avoid paying for services it authorized, medical providers should not have to wait until they are bankrupted before being able to assign the right to reimbursement under ERISA to another entity better equipped to enforce the right. Certainly Plaintiff, which apparently pursues unpaid or underpaid claims as a business, is better positioned to pursue these claims than a health care provider, whose primary purpose is to provide health care, not to litigate

---

[5] Plaintiff would not consider itself a debt collector, as Plaintiff understands that term to be an entity who seeks to obtain payment from patients (or at least individuals) and Plaintiff's agreement with Medical Provider does not include an assignment of the right to collect anything from a patient.

claims. Just as assignments from patients to medical providers makes it unnecessary for health care providers to evaluate the solvency of patients before commencing medical attention sub-assignments to entities like Plaintiff enables medical providers to continue providing health care without needing to weigh the risks of being unable to obtain proper payment from health insurance companies after the fact.

*Id.*, at *13-14.

### C. Even If Plaintiff Did Receive What Could Be Called A "Comprehensive Assignment" That Does Not Mean The Assignment Violates *Simon*.

The key question under *Simon* is whether the ERISA claim is being treated as a "freely tradable commodity" which would allow "third parties with no relationship to the beneficiary [the patient] to acquire claims solely for the purpose of litigating them." *Id*. As shown in Section 11, the Service Agreement between Plaintiff and Medical Provider does not allow for the ERISA claim to be freely transferred. Defendant makes the irrelevant argument that the assignment is "comprehensive and intended to facilitate the collection of outstanding debt." Def's Mot. 16:13-15. And that "La Peer assigned and transferred to Plaintiff all of La Peer's rights, and interests, to pursue Outstanding Bills against Debtor Companies." Defendant also argues that the limitation of the Service Agreement with respect to the assignment does not change that the transfer from Medical Provider to Plaintiff is a commodification of an ERISA claim and therefore violative of *Simon*.

Defendant does not explain how a "comprehensive" assignment is violative of *Simon.* Rather, if Plaintiff has the ability to collect debt from entities like Defendant on a specific and individualized basis that helps medical providers to operate their business and patients to receive medical care, how are Plaintiff's actions violative of *Simon*? *Simon* did not mention collection of debt or that the ability to do so was comprehensive. Of course, the assignment from the Patient to Medical Provider must

- 7 -

be comprehensive to allow Medical Provider to collect from entities like Defendant. *Simon*, 208 F.3d at 1081. "Granting derivative standing to health care providers simplified the billing structure among the patient, his care provider, and his benefit plan in a way that enhanced employee health benefit coverage." *Id.* There is no issue under Ninth Circuit law with an assignment being comprehensive to facilitate collections in the manner stated in the FAC. *See id.* The only issue would be if the assignment allowed for Patient's claim to be freely transferred and become a commodity with no connection to the Patient. *See id.* But the ERISA claim here was not "**freely** transferable".

Further, a mere transfer of an ERISA claim has never been an issue for the Ninth Circuit. This is why it agreed to extend standing to medical providers. *Simon*, 208 F.3d at 1081. The concern was the **free** or unrestricted transfer. Such a **free** transfer would allow the claim to be passed around with no connection to the patient. *See id.*[6] Furthermore, factually, Medical Provider would attest that there is no situation in which Medical Provider would ever allow Plaintiff to further assign the claim.[7]

### D. Plaintiff's Status As An Independent Contractor Vis A Vis Medical Provider Does Not Mean The Assignment To Plaintiff Violates *Simon*.

Plaintiff's status as an independent contractor is entirely irrelevant. Medical Provider is also independent from Patient when Medical Provider brings suit based on an assignment. *Simon* did not determine that a second assignment is invalid because the assignee was an independent contractor. *See Simon*, 208 F.3d at 1081.

---

[6] Additional allegations could be presented in the complaint to address this issue more fully.

[7] Since this is a motion to dismiss and not a motion for summary judgment, Plaintiff has not obtained a declaration from Medical Provider to support that the claim is simply not transferable. However, Plaintiff can further allege that Medical Provider would never allow Plaintiff to further assign the ERISA claim and can obtain a declaration stating the same.

Defendant is merely repackaging its argument that if Plaintiff cannot show that Plaintiff is exactly like Bristol i.e. a successor in interest through bankruptcy then there can be no second assignment. However, as discussed, Ninth Circuit case law plainly does not support such a blanket determination.

### E. Medical Provider's Assignment To Plaintiff Was Not An Assignment Of All Rights.

Defendant also argues that the assignment between Medical Provider and Plaintiff had to be complete in all ways and so there could be no relationship between Medical Provider and Plaintiff as Plaintiff describes it in the FAC. Def's Mot. 18:7-18. Defendant is simply wrong. *See Flintkote Co. v. Gen. Accident Assurance Co.*, 2008 U.S. Dist. LEXIS 108245, at *28 (N.D. Cal. Aug. 6, 2008) ("These cases generally recognize that even in the absence of a *complete* assignment where the assignor relinquishes all rights to a claim, including the legal title to assert the claim and the substantive right to collect on any recovery, an assignee may still have a valid claim to assert. In other words, arrangements short of a complete assignment have been recognized as valid. *See Sprint Comm'ns v. APCC Servs*, 128 S. Ct. 2531, 171 L. Ed. 2d 424 (2008) (assignees of payphone operators' claims against long distance carriers for 'dial-around' compensation had standing for purposes of Article III, even though monetary recovery from suit would be remitted to payphone operator); *Klamath-Lake Pharmaceutical Assn. v. Klamath Med. Serv. Bureau*, 701 F.2d 1276 (9th Cir. 1983) (retention by pharmacies of interest in outcome of action did not prevent pharmaceutical association from being treated as real party in interest for purposes of Federal Rule of Civil Procedure Rule 17(a))."). It is the case and it is entirely permissible for some rights to be assigned and for others to not be and for Plaintiff to still have standing. *See id.*

### VI. CONCLUSION

Plaintiff respectfully requests that Defendants' Motion to Dismiss be denied in its entirety, or that Plaintiff be granted leave to amend to cure any defects in the

First Amended Complaint. *See Stoner*, 502 F.3d at 1121.[8]

Dated: January 10, 2024

Respectfully submitted,

/s/ Jonathan A. Stieglitz
Jonathan Stieglitz
Attorney for Plaintiff,
Healthcare Ally Management of California, LLC

---

[8] While Plaintiff believes the pleadings to be sufficient, Plaintiff believes it can provide additional specifics relating to Plaintiff's relationship to the Patient and the Medical Provider which would further support Plaintiff's standing.

First Amended Complaint. *See Stoner*, 502 F.3d at 1121.[8]

Dated: January 10, 2024

Respectfully submitted,

/s/ Jonathan A. Stieglitz
Jonathan Stieglitz
Attorney for Plaintiff,
Healthcare Ally Management of California, LLC

---

[8] While Plaintiff believes the pleadings to be sufficient, Plaintiff believes it can provide additional specifics relating to Plaintiff's relationship to the Patient and the Medical Provider which would further support Plaintiff's standing.